IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 29, 2025

**KEITH DESSINGER v. SALLY McIVER**

**Appeal from the Circuit Court for Shelby County
Nos. CT-2617-25, CT-2161-20, CT-5185-24    W. Christopher Frulla, Judge**

_____

**No. W2025-02074-COA-T10B-CV**
_____

This is the third recusal appeal filed by the *pro se* petitioner relative to the underlying consolidated cases. Because the petitioner has not demonstrated a basis for recusal, we affirm the judgment of the trial court in denying the motion to recuse.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;
Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Keith Dessinger, Memphis, Tennessee, Pro Se.

**OPINION**

I. Factual and Procedural Background

On December 5, 2025, the Shelby County Circuit Court ("trial court") entered an order denying four motions to recuse that had been filed by the petitioner, Keith Dessinger ("Petitioner"), pursuant to Tennessee Supreme Court Rule 10B. In the first three motions, Petitioner had sought recusal of Judge Cedric D. Wooten, the presiding judge in Division VI of the trial court, and in the fourth motion, filed on December 2, 2025, Petitioner had sought recusal of Judge W. Christopher Frulla, the presiding judge in Division III of the trial court. On appeal, Petitioner seeks reversal of the portion of the order denying his December 2, 2025 motion to recuse Judge Frulla.[1]

---

[1] Because Petitioner has not objected to or mentioned the trial court's denial of his first three motions to recuse Judge Wooten and has not included those motions for our review, we determine that to the extent that Petitioner may have intended to appeal the denial of those motions, such appeal is waived for failure to comply with the procedural requirements of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.03.

Petitioner filed the first three motions to recuse Judge Wooten in July and August 2025 while the underlying matter, bearing docket number CT-2617-25, remained pending in Division VI.[2] On October 6, 2025, the case was transferred from Division VI to Division III and consolidated with two cases between the same parties that were then pending in Division III, bearing docket numbers CT-2161-20 and CT-5185-24. In the order of transfer, the trial court explained that it had reviewed the two cases pending in Division III and had determined that the allegations giving rise to the action in Division VI were "the same, if not substantially similar, and involve the same parties." Both Judge Wooten (trial judge for Division VI) and Judge Frulla (trial judge for Division III) signed the transfer order. Thereafter, Judge Frulla presided over all three actions in Division III. The three motions to recuse Judge Wooten remained pending at the time of the transfer.

On October 22, 2025, the Division III trial court set the consolidated matters for a status conference to occur on December 10, 2025. On November 21, 2025, Petitioner filed a motion to continue, which was to be heard on December 5, 2025. However, on December 2, 2025, before the motion to continue could be heard, Petitioner filed the fourth Rule 10B motion seeking recusal of Judge Frulla.

On December 5, 2025, the trial court entered an order denying the three motions to recuse Judge Wooten as well as the December 2, 2025 motion to recuse Judge Frulla. Regarding the three motions to recuse Judge Wooten, the trial court determined that all three were "moot, as Judge Wooten is no longer presiding over the case" and that Petitioner had failed to affirmatively state that the motions were not being presented for any improper purpose in violation of Rule 10B. The trial court additionally determined that the July 19, 2025 motion to recuse Judge Wooten was not in compliance with Rule 10B because the motion was not supported by an affidavit or declaration under oath. As stated above, Petitioner does not contest the denial of his three motions to recuse Judge Wooten on appeal.

---

[2] Petitioner, acting *pro se*, has filed several appeals in this Court related to the underlying consolidated cases. On June 13, 2025, Petitioner filed a Tennessee Rule of Appellate Procedure 3 appeal as of right, bearing case number W2025-00892-COA-R3-CV, which remains pending before this Court. On June 25, 2025, Petitioner sought interlocutory review of restrictions placed on his parenting time under appellate docket No. W2025-00952-COA-R9-CV, which application was denied by order of this Court on July 9, 2025. On September 19, 2025, Petitioner filed a Petition for Writ of Mandamus, No. W2025-01435-COA-WRM-CV, alleging various violations against Judge Wooten and the trial court clerk, which petition was denied by this Court on October 20, 2025. Petitioner has also filed two Rule 10B accelerated interlocutory appeals seeking recusal of Judge Wooten: No. W2025-00921-COA-T10B-CV, 2025 WL 180624 (Tenn. Ct. App. July 1, 2025) and No. W2025-01587-COA-T10B-CV, 2025 WL 2963619 (Tenn. Ct. App. Oct. 21, 2025), both of which this Court denied because Petitioner had failed to comply with the filing requirements set forth in Rule 10B.

The trial court then denied Petitioner's December 2, 2025 motion to recuse Judge Frulla after determining that (1) the motion failed to affirmatively state it had not been presented for any improper purpose, (2) Judge Frulla could be fair and impartial in presiding over the consolidated cases, and (3) Petitioner had failed to demonstrate a reasonable basis for questioning Judge Frulla's impartiality. Petitioner timely appealed the denial of his motion to recuse Judge Frulla.[3]

## II. Standard of Review

We recognize that Petitioner is a *pro se* litigant and respect his decision to proceed self-represented. Regarding self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a pro se litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary." *Id.* Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

---

[3] On December 31, 2025, Petitioner filed a "Motion for Leave to File Supplemental Materials and to Hold Ruling in Abeyance." The motion is accompanied by a "Sworn Declaration of Keith Dessinger," which Petitioner avers is meant to cure the trial court's determination that Petitioner's motion to recuse lacked "affidavits, sworn statements, or supporting materials[.]" Petitioner further avers that he was unable to "prepare sworn materials contemporaneously" due to medical issues. The materials included with the motion on appeal were never presented to the trial court for review. Because the motion was untimely filed and includes materials that were never presented to the trial court for review, the motion is denied. *See* Tenn. Sup. Ct. R. 10B, § 2.03; *see also Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *4 (Tenn. Ct. App. July 28, 2020) ("We emphasize . . . that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals 'on an expedited basis.'") (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)).

With respect to recusal motions filed pursuant to Tennessee Supreme Court Rule 10B, our Supreme Court has explained:

"Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins. Co.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757-58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.

To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).

Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564-65).

The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *2 (Tenn. Ct. App. Apr. 14, 2022). A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal. *Raccoon Mtn. Caverns and Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-

- 4 -

02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878-79 (Tenn. 2023). "To disqualify [a trial judge], prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case." *Alley v. State*, 882 S.W. 2d 810, 821 (Tenn. Crim. App. 1994) (internal quotation marks and citations omitted).

Tennessee Supreme Court Rule 10B also governs appeals from orders denying a motion to recuse. The standard of review respecting such orders is *de novo* with no presumption of correctness. *See* Tenn. Sup. Ct. R. 10B, § 2.01. Regarding the scope of review in a Rule 10B appeal, this Court has explained:

> [T]he only order this Court may review on a Rule 10B accelerated interlocutory appeal is the trial court's order denying the motion to recuse. *Duke* [*v. Duke*], 398 S.W.3d [665,] 668 [(Tenn. Ct. App. 2012)]. Under Rule 10B, we may not "review the correctness or merits of the trial court's other rulings. . . ." *Id*.; *see also Stark* [ *v. Stark*], [W2019-00901-COA-T10B-CV,] 2019 WL 2515925, at *8 [(Tenn. Ct. App. June 18, 2019)] ("[W]hether the trial judge erred in his rulings on Husband's motions is not an issue in this limited, interlocutory appeal.").

*Adkins v. Adkins*, No. M2023-00384-COA-T10B-CV, 2021 WL 2882491, at *17 (Tenn. Ct. App. Apr. 15, 2021). Ergo, the narrow issue before us in this Rule 10B appeal is "whether the trial court erred in denying the motion for recusal." *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (internal citation omitted). We may, in our discretion, decide the appeal without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.06.

## III. Analysis

At the outset, we note that Petitioner's recusal appeal does not include a separate "statement of the issues presented for review," as required by Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.03(a); see also Tenn. R. App. P. 27(a)(4). However, because Petitioner has articulated separate, discernible issues in the argument section of his appeal and in consideration of Petitioner's *pro se* status, we will, in our discretion, address the merits of Petitioner's recusal appeal despite this deficiency. *See Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000) ("For good cause, we may suspend the requirements or provisions of these rules in a given case.").

Petitioner has raised certain arguments that are not within the scope of our review because he seeks review of trial court decisions other than the order denying recusal. *See*

- 5 -

*Adkins*, 2021 WL 2882491, at \*17 (quoting *Duke*, 398 S.W.3d at 668) ("[T]he only order this Court may review on a Rule 10B accelerated interlocutory appeal is the trial court's order denying the motion to recuse."). For example, Petitioner alleges that the trial court refused "to inquire into alleged child harm" and made "no meaningful inquiry" into Petitioner's allegations of an "emergency child-harm scenario." Petitioner refers to proceedings that purportedly occurred in Division III in the trial court on October 28, 2025. Similarly, Petitioner asserts that the trial court committed "jurisdictional inconsistency" when the court "participated in case-management actions affecting the posture of the same subject matter" despite having declined to hear Petitioner's Rule 65 motion. Because our review is limited to the trial court's order denying recusal, we may not review the trial court's actions or rulings related to the proceedings that occurred on October 28, 2025, the setting of status conferences, or the trial court's decisions regarding Petitioner's Rule 65 motion. *See Adkins*, 2021 WL 2882491, at \*17 (quoting *Duke*, 398 S.W.3d at 668). Accordingly, Petitioner's arguments regarding those issues are pretermitted.

In the motion to recuse, Petitioner alleged that Judge Frulla had exhibited bias and animus against him by (1) making a "dismissive, hostile, and openly prejudicial remark plainly captured on audio at the October 28 hearing"; (2) "striking" Petitioner's "Rule 65 Emergency Motion from the bench"; (3) misapplying statutes and procedural rules and issuing "rulings outside subject-matter jurisdiction"; and (4) displaying "preferential deference to opposing counsel." In addition, Petitioner alleged that Judge Frulla had "misidentif[ied] the parties," thereby demonstrating "alignment with the opposing party," and that Judge Frulla had demonstrated a "lack of neutrality" through "logical fallacies."

In the order denying recusal, the trial court addressed Petitioner's issues as follows:

[T]he Court denies [the December 2, 2025 recusal] motion for the following reasons: 1) the motion fails to affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; 2) the Court has determined that it can be fair and impartial in this case; and 3) [Petitioner] has failed to show that a reasonable person in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality or for finding the appearance of bias or prejudice. The Court will explain its reasoning behind this decision below.

In [Petitioner's] December 2, 2025 "Emergency and Supplemental Motion for Disqualification of Judge Frulla," he makes various allegations, none of which are well founded or supported by evidence or additional materials. First, he alleges that "Judge Frulla made a dismissive, hostile, and openly prejudicial remark plainly captured on audio at the October 28 hearing, demonstrating bias and animus toward Petitioner." This allegation is not supported by any evidence or other appropriate materials, and the Court

- 6 -

disputes this allegation in its entirety. There was no hearing on October 28, 2025. [Petitioner] attempted to have the Court address his "Rule 65 Emergency Petition," but the Court declined to hear it because this matter is currently on appeal.

This [segues] directly into [Petitioner's] second allegation, that "Judge Frulla struck [Petitioner's] Rule 65 Emergency Motion from the bench — for the third time — without written order, legal basis, or jurisdiction." There was no hearing set to be struck. Again, [Petitioner] attempted to have the Court address his "Rule 65 Emergency Petition," but the Court declined to hear it because this matter is currently on appeal. Next, [Petitioner] alleges that the Court misapplied and misunderstood the law and "issued rulings outside subject-matter jurisdiction." Division 3 (Judge Frulla) has issued no rulings in this case. Further, the allegations regarding misunderstanding and misapplying the law are not supported by any evidence or other appropriate materials, and the Court disputes this allegation in its entirety.

[Petitioner] then alleges that "Judge Frulla displayed preferential deference to opposing counsel, creating an appearance of bias forbidden by Canon 2.11." This allegation is not supported by any evidence or other appropriate materials, and the Court disputes this allegation in its entirety. [Petitioner] also alleges that Judge Frulla misidentified the parties. This is factually inaccurate. This matter (CT-2617-25) was consolidated with CT-2161-20 and CT-5185-24, in which [Petitioner] is indeed the defendant and Ms. McIver is the plaintiff. Finally, [Petitioner] makes broad allegations of "logical fallacies used in judicial reasoning," "[s]tructural due process violations[,]" and a "[p]attern of conduct demonstrating lack of neutrality and retaliatory judicial responses." These allegations are not supported by any evidence or other appropriate materials, and the Court disputes these allegations in their entirety.

In sum, as noted above, [Petitioner] has failed to present a reasonable factual basis for questioning the Court's impartiality. Judge Frulla, in Division 3, has not issued any rulings in this case. [Petitioner] has simply made conclusory statements that are not supported by any evidence or other appropriate materials. A judge should not recuse himself unless a recusal is truly called for under the circumstances. *See Rose v. Cookeville Reg. Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008). This is true because "a judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when a recusal is warranted." *Id.* (internal citation omitted.) Here, the Court has determined that it can be fair and impartial in this case. And [Petitioner]

has failed to show that a reasonable person in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality or for finding the appearance of bias or prejudice.

On appeal, Petitioner reiterates the contentions raised before the trial court and further argues that in denying his motion, the trial court improperly focused on "missing exhibits rather than addressing whether the judge's impartiality might reasonably be questioned."

Upon conducting a *de novo* review of the recusal motion and the entire record before us, *see* Tenn. Sup. Ct. R. 10B, § 2.01, we determine that Petitioner's recusal motion failed to establish a basis for recusal of Judge Frulla for several reasons. First, as the trial court noted, Petitioner failed to affirmatively state that the motion was not presented for any improper purpose, as is required by Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion [to recuse] shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."). This language is mandatory, and failure to include it with a motion to recuse can lead to waiver of the recusal request on appeal. *See Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *5 (Tenn. Ct. App. July 28, 2020) (citing *Hobbs Purnell Oil Co. v. Butler*, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14-15 (Tenn. Ct. App. Jan. 12, 2017)); *but see Clay Cnty. v. Purdue Pharma L.P.*, No. E2022-00349-COA-T10B-CV, 2022 WL 1161056, at *3 (Tenn. Ct. App. Apr. 20, 2022) (citing *Dougherty v. Dougherty*, No. W2020-00284-COA-T10B-CV, 2020 WL 1189096, at *1 n.1 (Tenn. Ct. App. Mar. 12, 2020)).

Second, each of the allegations in the motion to recuse stems from events and observations that occurred in relation to the underlying litigation. As such, Petitioner has not satisfied his burden to establish bias or prejudice arising from an "extrajudicial source." *See Adams*, 674 S.W.3d at 878-79 (the proponent of a motion to recuse "bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case.") (internal citation omitted); *Alley*, 882 S.W. 2d at 821. Third, even if Petitioner had submitted sufficient evidence to prove that Judge Frulla had erred or implemented incorrect procedure in handling the litigation in Division III, such error, without more, would not be sufficient to prove judicial bias. *See Adams*, 674 S.W.3d at 879 ("Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." (quoting *Alley*, 882 S.W.2d at 821)). Finally, Petitioner has included no transcripts or other evidence to support his allegation that Judge Frulla made "dismissive," "derogatory," or "openly prejudicial remarks" against Petitioner, despite Petitioner's averment that one such remark was "plainly captured on audio." Petitioner's allegations are not supported by the evidence, and we therefore conclude that the trial court did not err in determining that Petitioner's motion for recusal lacked a sufficient factual basis. *See*

*Adams*, 674 S.W.3d at 878-79. For these reasons, we affirm the trial court's denial of Petitioner's December 2, 2025 motion to recuse Judge Frulla.

IV. Conclusion

For the foregoing reasons, we affirm the trial court's denial of Petitioner's December 2, 2025 motion for recusal. We reiterate that any issues raised by Petitioner on appeal that do not stem from the trial court's denial of his motion to recuse are beyond the scope of our review, and we therefore do not reach those issues in this Opinion. *See Adkins*, 2021 WL 2882491, at *17 ("Under [Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]") (internal quotation marks and citations omitted). This case is remanded to the trial court for further proceedings. The costs of this appeal are taxed to the petitioner, Keith Dessinger.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE